# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**MAYUMI BEREAU ALDERETE,**

      CASE NO.: 2021-002256-CA-01

   **PLAINTIFF,**

v.

**WAL-MART STORES EAST, LP,**
**d/b/a WAL MART SUPERCENTER**
**#2727,** a Foreign Limited
Partnership,

   **DEFENDANT.**
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**MAYUMI BEREAU ALDERETE**, by and through undersigned counsel, hereby sues Defendant, **WAL-MART STORES EAST, LP, d/b/a WAL MART SUPERCENTER #2727** (hereinafter referred to as "Defendant"), and alleges as follows:

### GENERAL ALLEGATIONS

1) The is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), not inclusive of attorneys' fees and costs and thus within the jurisdictional limits of this Court in accordance with Fla. Stat.

2) All of the acts and/or omissions complained of herein occurred in this County, thus venue is proper in accordance with Fla. Stat.

3) At all times material and relevant hereto, **MAYUMI BEREAU ALDERETE**, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

4) At all times material and relevant hereto, Defendant maintained its principal place of business at 702 S.W. 8th St., Bentonville, AR 72716 and conducted business at 33501 S. Dixie Hwy, Florida City, FL 33034.

5) At all times material and relevant hereto, Defendant conducted business or business ventures in the State of Florida, thus availing itself to the jurisdiction of this Court pursuant to Fla. Stat.

6) On March 27, 2020, Defendant owned, managed, controlled, operated, and/or maintained the premises located at 33501 S. Dixie Hwy, Florida City, FL 33034, that was used as a Wal-Mart Supercenter.

7) At that time and place, Plaintiff, **MAYUMI BEREAU ALDERETE**, was lawfully on the subject property as an invitee.

8) At that time and place and at all relevant times hereto, Defendant's agents, servants, and employees acted within the course and scope of their employment.

## COUNT I— NEGLIGENCE AGAINST DEFENDANT

**MAYUMI BEREAU ALDERETE**, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges:

9) At all times material hereto, Defendant had a duty to reasonably maintain its premises for invitees such as Plaintiff, **MAYUMI BEREAU ALDERETE**.

10) At all times material hereto, Defendant breached its duty owed to Plaintiff, **MAYUMI BEREAU ALDERETE**, by negligently and carelessly maintaining its premises by allowing a dirty, greasy, and/or oily substance to be present on its premises, so as to cause Plaintiff, **MAYUMI BEREAU ALDERETE**, to slip, thereby sustaining serious personal injuries.

11) Defendant further breached its duty owed to Plaintiff, **MAYUMI BEREAU ALDERETE**, by negligently:

    (a) Failing to maintain the walking surfaces of its premises in a reasonably safe condition, to wit, by allowing a dirty, greasy, and/or oily substance

to be present and accumulate on the walking surface of its premises, and to prevent dangerous conditions from occurring; and/or

(b) Failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

(c) Failing to place barricades, warning signs, cones, caution-tape or other marking devices utilized to alert individuals, such as Plaintiff, of the dangerous condition that existed at the time of Plaintiff's incident; and/or

(d) Failing to inspect its premises to ascertain whether the premises were free of a dirty, greasy, and/or oily substance and other hazardous conditions creating an unreasonably dangerous walking surface for invitees; and/or

(e) Failing to repair said condition or other similar conditions on the walking surface of its premises; and/or

(f) Failing to correct the hazardous condition of the premises when the Defendant knew or should have known that invitees traverse the walking surface of its premises; and/or

(g) Failing to maintain reasonable policies and procedures to prevent dirty, greasy, and/or oily substances from accumulating and being present on the walking surfaces of its premises; and/or

(h) Failing to train or supervise its employees to prevent dirty, greasy, and/or oily substances from accumulating and being present on the walking surfaces of its premises; and/or

(i) Failing to train or supervise employees to correct or warn of dirty, greasy, and/or oily substances from accumulating and being present on the walking surfaces of its premises; and/or

(j) Was otherwise negligent in the care, maintenance and upkeep of its premises so as to cause the Plaintiff's injuries.

12) The aforementioned condition existed for a sufficient length of time that in the exercise of ordinary care, Defendant either knew or should have known of the existence of the hazardous and dangerous condition, which constituted a danger to Plaintiff, **MAYUMI BEREAU ALDERETE**.

13) The aforementioned condition occurred with regularity and was therefore foreseeable to Defendant.

14) As a direct result of one or more of the above-mentioned acts of negligence or omissions, Plaintiff, **MAYUMI BEREAU ALDERETE**, suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff, **MAYUMI BEREAU ALDERETE**, will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, **MAYUMI BEREAU ALDERETE**, hereby demands judgement for damages, costs and interest against Defendant, **WAL-MART STORES EAST, LP, d/b/a WAL MART SUPERCENTER #2727**, together with whatever other relief the Court deems just and appropriate.

### COUNT II— NEGLIGENT MODE OF OPERATION AGAINST DEFENDANT

**MAYUMI BEREAU ALDERETE**, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges:

15) At all times material hereto, Defendant had a duty to reasonably maintain its premises for invitees such as Plaintiff, **MAYUMI BEREAU ALDERETE**.

16) At all times material hereto, Defendant breached its duty owed to Plaintiff, **MAYUMI BEREAU ALDERETE**, by negligently engaging in one or more modes of operation and Plaintiff's incident was the result of the purported negligence of Defendant's chosen mode of operation which include, but are not limited to the following:

    (a) Negligently allowing customers to select and handle pre-cooked rotisserie chickens from a display on their own, which would have been reasonable had Defendant not failed to provide any absorbent substance for customers to apply should a spill occur; and/or

    (b) Negligently placing the rotisserie chicken display at or near the register area of its store; a high traffic area; and/or

    (c) Negligently failing to increase the nonskid properties of the flooring near the rotisserie chicken display case where Defendant knows that chicken could spill slippery oil and grease; and/or

    (d) Failing to have an employee stationed on a constant basis near the rotisserie chicken display to clean and/or address spills which Defendant knew or should have known would occur; and/or

    (e) Failing to have an employee monitor the rotisserie chicken display so that it could address spills; and/or

    (f) Failing to adequately package the rotisserie chickens so that the containers would not leak and/or spill its contents onto the walking surface of its premises; and/or

    (g) Failing to warn or advise customers to call staff in the case of spills and/or to be careful handling the rotisserie chicken packaging as it can leak.

17) As a direct and proximate result of Defendant's engaging in the above chosen mode of operations, Plaintiff, **MAYUMI BEREAU ALDERETE**, suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff, **MAYUMI BEREAU ALDERETE**, will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, **MAYUMI BEREAU ALDERETE**, hereby demands judgement for damages, costs and interest against Defendant, **WAL-MART STORES EAST, LP, d/b/a WAL MART SUPERCENTER #2727**, together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

**MAYUMI BEREAU ALDERETE** does hereby demand trial by jury of all issues so triable as a matter of right.

Dated: January 28, 2021.

          **LAW OFFICE OF IRWIN AST**
*Attorneys for Plaintiff*
2121 S.W. 3rd Avenue, Suite 401
Miami, Florida 33129
Tel:   (305) 307-5208
Fax:  (305) 901-5639
Email: irwin@astlawfirm.com
        leo@astlawfirm.com
        pleadings@astlawfirm.com

By:   */s/ Irwin Ast*
Irwin Ast, Esq.
Fla. Bar No.: 0059879
Leonard M. Caracappa, Esq.
Fla. Bar No.: 1018504